## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WEST VIRGINIA

Elizabeth A Stephens
           Plaintiff,

    v.

Louis DeJoy,
Postmaster General
United States Postal Service
           Defendant.

COMPLAINT

Civil Action No.

FILED

OCT 29 2021

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

5:21-cv-186
Bailey
Mazzone

### COMPLAINT

NOW COMES the Plaintiff, Elizabeth A Stephens ("Plaintiff" or "Stephens"), and files this complaint against Louis DeJoy, Postmaster General, U.S. Postal Service ("Agency"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.    This is an action for equitable relief and damages for unlawful employment discrimination based upon disability and failure to accommodate a Reasonable Accommodation in employment on the bases of the Plaintiff's mental disability (major depression and severe

1

anxiety) in violation of the Rehabilitation Act of 1973 as amended, U.S.C. §12101 et. Seq. and 29 U.S.C. §791.

2.      This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. 1331 and 1343.

3.      Venue is proper in this Court as the acts of discrimination occurred within this judicial district. 42 U.S.C. 2000e.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2020002530 (March 11, 2021).  EEOC regulations provide that the  Commission may in its discretion, grant a request to reconsider a previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

5.      During the relevant time, Complainant was employed by the Agency as a full-time City Carrier,  Grade 1, at its Wheeling, West Virginia Station.

6.      On April 24, 2014, Plaintiff filed a formal EEO complaint alleging discrimination by the Agency based on disability when: on March 11, 2014, her Postmaster "yelled at her" and told her not to return to work; and on March 20, 2014, received a Termination of Light Duty Assignment.

## PARTIES

7. Elizabeth A Stephens is a resident of the State of West Virginia, with her domicile located at 511 Richland Avenue Wheeling, West Virginia 26003.

8. Elizabeth A Stephens was employed by the Agency as a Full Time Carrier.

9. Defendant operates a district office in the Wheeling, West Virginia Station, with an address of 2501 Chapline St, Wheeling, WV 26003.

## FACTS COMMON TO ALL COUNTS

10. The Plaintiff was employed at the Wheeling Post Office of the USPS (Agency) for eighteen years prior to requesting a Reasonable Accommodation (RA).

11. The Plaintiff's son was diagnosed with Ewing's Sarcoma in 2009. The Plaintiff continued to work throughout the entirety of her son's battle to which he passed in 2013.

12. The Plaintiff was diagnosed with major depression and severe anxiety throughout her son's diagnosed illness and received therapy for fifteen months prior to returning to work on March 7, 2014. She did this to reclaim normalcy in her work and feel valued in society.

13. Upon the Plaintiff's return to work, she was given an unrealistic work schedule - to case and carry 102 letters and 311 flats daily and was the only carrier held to this standard.

14. The Plaintiff made several requests for help (reasonable accommodation) and turned in the proper paperwork.

15. The Agency failed to provide an accommodation and continued assigning Plaintiff increased workload.

16. Within two and a half days of returning to work, while out on the street, the Plaintiff was yelled at by the postmaster, Matt Dodd, that he was "done with you".

17. Upon return to the office, Dodd instructed Plaintiff to not return and placed her on emergency placement.

18. Emergency placement is typically used for employees who are violent or have committed theft or a crime.

19. Dodd sent Plaintiff a letter on March 20, 2014, terminating the Plaintiff from her assignment for failure to abide by the terms and an unsatisfactory performance. On April 12, 2014, the NALC (the Union) filed a Cease-and-Desist letter on the Plaintiff's behalf to which Dodd agreed to offer a new assignment within the Plaintiff's restrictions.

20. Dodd agreed that a DOIS mail volume would be used as a tool, not a set standard as previously assigned, and the Plaintiff would receive help when requested by the Plaintiff within eight hours.

21. The Plaintiff's Psychologist Dr. Patricia Bailey PHD, LPC notified the USPS of her condition being aggravated and due to her increased level of symptoms, she was unable to return to work at that time.

22. In 2015, the Psychologist allowed the Plaintiff to work with restrictions of a three-day work week and weekends off due to her condition of major depression, severe anxiety and levels of insomnia.

23. Plaintiff's Psychologist communicated with the USPS monthly regarding the Plaintiff's restrictions and Plaintiff worked for ten months that year, showing she was a capable individual with disabilities able to do the job with a Reasonable Accommodation.

24. The Plaintiff was suddenly taken off the schedule by Postmaster Bill Bellville and only discovered this action via a co-worker.

25. Plaintiff formally requested a Reasonable Accommodation under the Rehabilitation Act of 1973, with the USPS aware of this request when the Plaintiff was participating in several DRAC hearings.

26. The USPS informed Plaintiff that the Agency did not have an accommodation (the Plaintiff was already working under the accommodation that the Agency said they did not have).

27. The Arbitrator returned the Plaintiff to work in 2017. The USPS did not bring the Plaintiff back to work for over a year before sending her to the USPS's doctor.

28. The USPS's doctor confirmed Plaintiff's Psychologist's diagnoses and reviewed the prescribed medication, advised Plaintiff to continue seeing her own Psychologist, and stated there was no reason as to why the Plaintiff could not work full time. The USPS's doctor did not review the Plaintiff's medical records.

29. Plaintiff's Psychologist returned her to work with restrictions of a three day work week with a day off in between the days of work (one day of work then a day off, one day of work then a day off and so on).

30. The Plaintiff returned to work on January 3, 2018.

31. On January 10, 2018, the Plaintiff was subjected to a Pre-Disciplinary Interview (PDI) related to her absences relative to her Reasonable Accommodation request.

32. On February 11, 2018, the Plaintiff attended a second PDI in regard to her absences due to her Reasonable Accommodation request.

33. On February 15, 2018, the Plaintiff attended a third PDI in regards to her absences due to her Reasonable Accommodation request.

34. On February 22, 2018, the Plaintiff received a Letter of Warning for unsatisfactory attendance directly related to her Reasonable Accommodation for a three-day work week.

35. On March 4, 2018, March 5, 2018, and March 17, 2018, the Plaintiff attended several PDI's in regard to her absences due to her Reasonable Accommodation request.

36. On March 17, 2018, the Plaintiff was given a notice of no time off suspension of seven days directly related to her absences due to her Reasonable Accommodation request.

37. On April 14, 2018, the Plaintiff was issued a Notice of Suspension for 14 days regarding her attendance.

38. On May 5, 2018, the Plaintiff attended another PDI in regards to her attendance.

39. On May 15, 2018, the Plaintiff was issued a Notice of Removal due to unsatisfactory attendance.

40. The Plaintiff worked for four months during the dates listed above proving she is a qualified individual with a disability who can work, given accommodation.

41. Upon Plaintiff's return, the Plaintiff's Psychologist restricted her to a three-day work week with a day off in between and communicated this to the USPS. The Plaintiff had to

schedule herself and call out when following the work restrictions even though the Plaintiff always provided a week of advance notice of the day she would not be present.

42. On September 21, 2019, the Plaintiff was issued a removal for unsatisfactory attendance after working for four months with an accommodation proving she was qualified for her role as an individual with a disability.

43. The Plaintiff's removal was based on attendance. The USPS's doctor's findings and being forced to go for an invasive medical exam without the USPS demonstrating necessity, is in clear violation of the Rehabilitation Act.

44. Plaintiff's Psychologist told the USPS that the Plaintiff was not a harm to herself or others and communicated with the USPS regularly concerning her need for a Reasonable Accommodation.

45. The Plaintiff exercised her rights under the Rehabilitation Act and the USPS's Publication el307, only to be met with a hostile work environment and to be belittled in front of her coworkers, deteriorating her reputation in the workplace. The Plaintiff's route is a six day route. The Plaintiff only gets paid for five days. She worked three days, and her Technical Assistant (T6) or a supplemental workforce employee worked her day off. Plaintiff needed reasonable accommodation for two days a week

**FIRST CAUSE OF ACTION**

**(FAILURE TO ACCOMMODATE IN VIOLATION OF THE REHABILITATION ACT)**

46.    Plaintiff repeats and realleges paragraphs above as fully set forth in this Count I.

47.    The Rehabilitation Act of 1973 requires federal agencies, including the USPS, to be the "model employer" of individuals with disabilities and develop affirmative action plans for the hiring, placement, and advancement of persons with disabilities. 29 U.S.C. 791(b); 29 C.F.R. 1614.203.

48.    The actions detailed herein constituted unlawful failure to Accommodate the Reasonable Accommodation requested by the Plaintiff committed by the Agency, its agents, and employees, against the Plaintiff in violation of The Rehabilitation Act of 1973.

49.    Plaintiff, as previously described, suffers from major depression and severe anxiety as provided in her Reasonable Accommodation request to the Agency.

50.    Defendant, through its agents, did not accommodate the Plaintiff based on her reasonable request, inter alia, by consistently punishing her for her absences when she was given the medical authority due to her disabilities to be accommodated to a three day work week.

51.    Defendant treated Plaintiff as insubordinate through their agents.

52.    Defendant has failed to accommodate Plaintiff in the terms and conditions of her employment on the basis afforded to her through her Psychologist.

53.    The acts and omissions of the Agency were intentionally designed to exasperate Plaintiff's existing disabilities and further cause debilitating results.

54.    At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA and Rehabilitation Act. 29 U.S.C. 791(g).

55.     As a proximate result of the acts and omissions on the part of the Agency, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's failure to accommodate her unless and until the Court grants relief.  Included in Plaintiff's suffering is loss of employment and income, damage to her career and reputation, depression, anxiety, physical, psychological and emotional injury, compensatory damages and other substantial and irreparable injury as will be shown according to proofs.

## SECOND CAUSE OF ACTION

### (DISCRIMINATION BASED ON DISABILITY)

56.     Plaintiff repeats and realleges the paragraphs above as fully set forth in this Count II.

57. The ADA and as amended by the Rehabilitation Act. 29 U.S.C. 791(g) provides the meaning of a qualified individual with a disability and protections to these individuals from discrimination in the workplace based upon these disabilities.

58. Here, the Plaintiff has proven through her work history, with accommodations for her disabilities, to be a qualified individual and employee of the USPS, as well as an individual with disabilities within the meaning provided through the ADA and the Rehabilitation Act of 1973.

59. The Agency's failure to accommodate the Plaintiff and consistently punishing her as if she were an insubordinate employee guilty of misconduct, when in fact she was using her accommodations of a three day work week, and referring to the days she was off as absences and forcing her to undergo several PDI's and ultimately removed from her position, are all discriminatory acts because of her disability when the Agency terminated her for her light

duty.

60.     After her son's passing and the subsequent return to the agency, the Plaintiff experienced discriminatory actions against her by the Agency as documented above.

61.     The acts and omissions of responsible-management-officials at the Agency constitute discrimination, malice, and reckless indifference to Plaintiff's federally protected rights in violation of the ADA and as amended by the Rehabilitation Act of 1973.

62.     As a proximate result of the acts and omissions on the part of the Agency, Plaintiff's employment was terminated, and she was denied further federal employment.  This caused her to suffer, and will continue to suffer, loss of employment, income, damage to her career and business reputation, depression, anxiety, physical, psychological and emotional injury, compensatory damages and other substantial and irreparable injury as will be shown according to proofs.

**PRAYER FOR RELIEF**

63.     WHEREFORE, Plaintiff Elizabeth A Stephens respectfully requests that this Court enter judgment against the Defendant, and grant Plaintiff Elizabeth A Stephens to the following relief:

    a)      Trial by jury on the allegations raised in this complaint and all other claims filed with the Office of Diversity, Inclusion and Civil Rights and advancement of this case on the Court's docket for speedy trial;

    b)      That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

    c)      That this Court permanently enjoin defendant, its agents, successors, officers, employees and attorneys, and those acting in concert with them, from engaging in each of the unlawful

practices, policies, customs and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

d)     That Plaintiff be reinstated to employment at the USPS with all entitled benefits and accrued terms;

e)     That plaintiff recover from defendant back pay and lost benefits with pre and post judgment interest, front pay and compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non- wage losses under the ADA and the Rehabilitation and any other damages to which Plaintiff  may be entitled under applicable law, rule or regulation in excess of $75,000;

f)     That Plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. §1988 and any other attorney fee statutes; and

g)     Such other and further relief as this Court deems just or appropriate under the circumstances.

Respectfully submitted,

/s/ Elizabeth A Stephens

*Elizabeth A Stephens*

### DEMAND FOR JURY TRIAL

Pursuant to the Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

/s/ Elizabeth A. Stephens

*Elizabeth A Stephens*

11